## JOHN JOHNSON

### v.

## FRANK CRANE AND MAURICE RING.

*Landlord and Tenant—Forcible Entry and Detainer—Confession of Judgment—Motion to Vacate—Execution of Lease—Agreement for Extension—Evidence.*

1.  A lease, containing a warrant of attorney to confess judgment in forcible detainer, is sufficient to authorize such confession, if duly executed by the lessee, although executed in the name of the lessor by his agent without proper authority.

2.  In the case presented, it is *held:* That, as the bill of exceptions does not preserve all of the evidence, it will be presumed that sufficient evidence was heard to warrant the court below in refusing to vacate the judgment entered by confession on the lease; and that the affidavits preserved in the record do not sustain the lessee's claim of a binding contract for an extension of the tenancy.

[Opinion filed January 26, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Mr. JOHN M. BEVERLEY, for appellant.

Johnson v. Crane.

Mr. William Starkey, for appellees.

Bailey, J.   In this case Frank S. Crane and Maurice Ring obtained judgment by confession against John Johnson in an action of forcible detainer for the restitution · of certain demised premises, said judgment being entered under and by virtue of a warrant of attorney in a lease from the plaintiffs to the defendant.   Afterward, at the same term of court, the defendant appeared and entered his motion to vacate said judgment, which motion was denied, and the defendant having duly excepted, brings the record to this court by appeal.

It is urged that the lease containing the warrant of attorney was not properly executed, and that for that reason no judgment by confession could be properly entered thereon.   In the lease the plaintiffs are named as lessors and the defendant as lessee, and the instrument is executed by the defendant under his hand and seal.   It is not signed by the lessors, but in place of their signature there appears the following signature:   "A. Krimbill, per G. M. K."   One Krimbill seems to have been the agent who negotiated the lease on the part of the plaintiffs, but it is not pretended that he had any authority to execute, in their name, an instrument under seal. Under the lease thus executed the defendant entered into possession of the demised premises and continued in possession, paying the rent to the plaintiffs or their agents during the entire term of the lease.

As the agent did not in fact execute the lease on behalf of the plaintiffs, and had no power to execute it in their name, his signature to the instrument may be treated as a nullity. But its execution by the defendant under his hand and seal made it his deed, and such execution was all that was necessary to give vitality to the warrant of attorney.   We can not see how that portion of the instrument could have received any additional force from the most formal execution of the instrument by the plaintiffs.

The principal ground upon which the defendant's motion to vacate the judgment was based, was an alleged extension of the defendant's tenancy by agreement between him and the

Johnson v. Crane.

plaintiffs, and that at the time of the entry of the judgment such tenancy had not expired. Upon the question of fact thus raised, a large number of affidavits were read by the respective parties, the evidence thus presented being very conflicting and contradictory. But it does not appear from the bill of exceptions that all the evidence heard on the motion was preserved in the record.

The bill of exceptions recites that certain specified affidavits were read on the part of the defendant, and certain other affidavits on the part of the plaintiffs, but it nowhere appears, either by direct recital or by implication, that no other evidence by affidavits or otherwise was heard. Such being the case it will be presumed, in support of the judgment of the court below, that sufficient evidence was heard to warrant the court in refusing to vacate the judgment.

But we are inclined to the view that even upon the evidence preserved in the record the court properly denied the defendant's motion. We do not deem it necessary to analyze the evidence, but content ourselves with saying that the case made by the defendant's affidavits of a binding contract for an extension of the tenancy is far from being clear and satisfactory, and that the theory of such extension is successfully met and overthrown by the affidavits presented by the plaintiffs. We see no ground for disturbing the judgment, and it will therefore be affirmed.

*Judgment affirmed.*