FREDERICK WILKINSON

v.

AUGUSTUS N. GAGE.

*Mortgages—Foreclosure—Bill of Review.*

1. A pleading is to be taken most strongly against the pleader on demurrer, and it is only facts well pleaded that the demurrer admits.

2. A bill in the nature of a bill of review filed to set aside a decree of foreclosure, the same alleging a person named to be trustee for complainant as to the title of certain real estate, should state how the trust arose. In the absence of such information such bill can not be maintained.

3. A bill of this character may be filed by one who has a title or a right which has been injuriously affected by a former decree.

4. In the case presented, this court holds that complainant's allegation of the acquirement of the mortgagor's interest and the legal title, can not avail him; that the bill is vague, indefinite and uncertain in all its allegations; and declines to interfere with the decree for the defendant.

[Opinion filed June 2, 1891.]

IN ERROR to the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. FREEMAN & WALKER, for plaintiff in error.

Mr. FRANKLIN DENISON, for defendant in error.

MORAN, P. J. This is an appeal from an order sustaining a demurrer to plaintiff in error's bill, and dismissing the same. The bill is one in the nature of a bill of review to set aside a certain decree of foreclosure, for errors appearing on the face of the record, and because the decree was entered by fraud.

The mortgagor against whom the mortgage was foreclosed was one George H. Leonard; and plaintiff in error, who was a party to the foreclosure suit and against whom the bill in that case was taken *pro confesso*, set up his interest in the property covered by the mortgage, in his bill of review, as follows:

"Your orator shows that he was and is the owner of an undivided half interest with said George H. Leonard in lots 137, 140, 141, 144 and 145, in division 3 of the South Shore subdivision, in fractional section 29, T. 38 N., R. 15, east of 3d P. M., in Cook County, Illinois, the title to which was held by said Leonard in trust for your orator."

This is an assertion that the legal title was in Leonard.

The statement that there was a trust for plaintiff in error of an undivided interest, is but a conclusion, and amounts to

nothing in a pleading. The pleading is to be taken most strongly against the pleader on demurrer, and it is only *facts* well pleaded that the demurrer admits. Stow v. Russell, 36 Ill. 18.

It should be shown how the trust arose. In Jackson v. The North Wales R. W. Co., 18 L. J. N. S. 91 Ch., the Lord Chancellor said: "The bill alleges that the defendants are trustees for the plaintiff as to certain moneys which they have in their hands for the purpose of paying him, but he is bound to state how the trust arose. Can a party come here and say 'he is a trustee,' and is not the court to be informed how the trust was created? The allegation of trust is a mere deduction of law. If the acts constitute a trust, the court will exercise jurisdiction in respect of it, but it is not merely because the party alleges a trust without showing how it arose, that any such consequence follows." See also Evan v. The Corporation of Avon, 29 Beav. 144; Murray v. Earl of Clarendon, L. R., 9 Eq. 11.

Drawing the most favorable inferences from the entire bill, plaintiff in error claims only an equitable estate held in trust for him in the land, but having failed to allege facts which show the existence of such equity or trust, he has, necessarily, failed to show that he has any interest which entitled him to maintain a bill of review. Such a bill can be maintained by one who has a title or a right which has been injuriously affected by the former decree. Thomas v. Havies, 10 Wheaton, 146.

"No person can file a bill of review who has no interest in the question intended to be presented by such bill, or who can not be benefited by the reversal or modification of the former decree." Webb v. Pell, 3 Paige Ch. 368.

The allegation in the bill, that plaintiff in error has since acquired all of Leonard's interest in the land and the legal title thereto, can not aid his case, as it must be regarded, as it is stated, as an attempted assertion of a title acquired after the entry of the foreclosure decree, or at least as the setting up of a title in the amended bill of review acquired after the filing of the original bill. Verplanck v. Mercantile Ins. Co., 1 Edw. Ch. 46.

The allegation that plaintiff in error was in possession, which must be taken to mean that he was in possession in subordination to Leonard's title as plaintiff in error, wholly fails to allege any right of possession in himself.

The whole bill is vague, indefinite and uncertain in all its allegations. Other points against it are presented, but we deem it unnecessary to discuss them, as on the point considered, *i. e.*, the failure to set out any interest in the real estate covered by the foreclosure decree, the judgment of the court sustaining the demurrer and dismissing the bill must be affirmed.

*Decree affirmed.*