## Vina Fields v. Paul Brown, Receiver.

1. LEASE—*Where a Lease Executed by the Lessor only, Binds the Lessee.*—Where a lease contains mutual covenants and is executed by the lessor only, but is delivered to and accepted by the lessee, the latter is bound by its terms.

**Bill to Vacate Judgment.**—Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed July 10, 1900.

HENRY M. SHABAD, attorney for appellant.

KNIGHT & BROWN, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellee, as receiver by appointment of the Circuit Court, made a lease of certain premises, of which instrument, according to affidavits filed, two copies were executed, one signed by the receiver, having been delivered, it is alleged, to the lessee, and the other signed by appellant, retained by the lessor.

While she denies having received a copy of said lease executed by the lessor, it is not disputed that appellant took possession of the premises therein described, and paid rent as provided for by the terms of the instrument, for a number of months.

The lease contains a warrant of attorney, which authorized waiver of process and service, confession of judgment, with costs, and twenty dollars attorney's fees, with waiver of all errors and right of appeal. Judgment by confession having been entered for rent claimed to be due and unpaid, appellant thereafter moved to vacate said judgment. The motion was denied, and appellant brings the case here.

It is urged that the judgment is void, because the warrant of attorney was invalid. The ground of the objection is that the copy of the lease attached to the declaration shows

the instrument to have been signed only by appellant as lessee, and not by the lessor. Hence, it is contended, the lease itself, and the warrant of attorney therein contained, are unexecuted and incomplete.

It is not questioned that the copy of the instrument sued on was duly executed by the appellant and by her delivered to the lessor. Neither is it disputed that possession of the leased premises was thereupon delivered to appellant as lessee. She occupied said premises and paid the stipulated rent for nearly half the term. It has been held where a lease contains mutual covenants and is executed by the lessor only, but is delivered to and accepted by the lessee, the latter is bound by its terms. (Henderson v. Virden Coal Co., 78 Ill. App. 437.) Where, as in this case, such lease has been executed by the lessee only, but has been delivered to and accepted by the lessor, who has also given possession of the demised premises and accepted rent in accordance with the terms of the lease, certainly the lessor would not be allowed to repudiate the contract, merely because he had not attached his name to the copy in his possession executed by the lessee. In the case before us, the lessor has never sought to question the contract. On the contrary, he affirms that he did execute the lease, and he has affirmed it of record by suing thereon. The mere fact that his signature does not appear upon the copy of the instrument which is attached to the declaration, can not of itself, under the circumstances appearing in this case, relieve appellant from her obligations thereunder. Her own signature does so appear. It is conceded the lease was executed and delivered by her.

It is said by appellant's counsel that in legal effect the warrant of attorney is not a complete instrument, but should be considered a mere proposition to give such power of attorney upon condition that the landlord shall execute the paper. The material condition, however, was not, we think, that the landlord should sign the copy bearing the lessee's signature, but that the covenants of the lease to be by him complied with should be performed. It appeared

Fields v. Brown.

affirmatively from appellee's declaration that this had been done, that possession had been given, that rent had been paid and accepted. The warrant of attorney which is complete in itself was duly executed by appellant, and could gain no additional force from appellee's signature. It sufficiently authorized the exercise of the power therein conferred. In pursuance of such power judgment was properly entered for the rent actually due. The power of attorney in controversy is substantially the same as in the case of Fortune v. Bartolomei, 164 Ill. 51, wherein its validity was sustained.

It is urged that the Circuit Court erred in refusing to vacate the judgment.

As we have said, we are of opinion that the judgment was properly entered. It was sought to sustain the motion to vacate by affidavits tending to show that appellant had used the premises described in the lease for purposes of prostitution, with the knowledge and consent of appellee through his agents. It is contended that it thus appears the premises were leased for immoral purposes and the contract was therefore void. Appellee filed counter affidavits stating that if the premises were used as appellant states, it was without his knowledge or consent, and that the premises were leased for occupancy as a dwelling house and for no other purpose. The lease itself contained a covenant by appellant not to permit such improper use. The contract was not, therefore, illegal upon its face. Whether it was so in fact was a matter presented to the Circuit Court, which had discretion to set aside the judgment, if, in the judgment of that court, sufficient reason appeared. We can not say from this record that such discretion was wrongfully exercised in refusing so to do.

Other questions are presented, which we do not deem it necessary to consider at length. The judgment of the Circuit Court is affirmed.