### Frank L. Smith et al., Defendants in Error, v. Alfred S. Mitchell, Plaintiff in Error.

### Gen. No. 16,443.

1. LANDLORD AND TENANT—*when execution of lease sufficient to bind latter.* Where a lease contains mutual covenants and is executed by the lessor only, but is delivered to and accepted by the lessee, the latter is bound by its terms.

2. MUNICIPAL COURT—*how form of action determined.* The court having jurisdiction of the subject-matter and the parties, may, in an action of the 4th class, render such judgment as the justice of the case demands.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. COTTRELL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed March 12, 1912.

THURMAN, STAFFORD, HUME & BURRAS, for plaintiff in error.

No appearance for defendants in error.

MR. JUSTICE CLARK delivered the opinion of the court.

Judgment was recovered in this case for $27.50, being for one month's rent of an apartment in the city of Chicago. The lease purported to be under seal, and was signed by the plaintiff in error, Mitchell, as lessee. On behalf of the lessors it was signed by Hopkins & Luther, as their agents.

Plaintiff in error insists the lease should not have been received in evidence, because as it purports to be under seal the authorization of the agents, also under seal, should appear, and there was no such authorization shown. Such has been held to be the rule in cases where lessees sought to be charged with the rent did not sign the leases themselves, but the leases sought to be introduced purported to be signed by some one whose authorization under seal had not been shown In-graham v. Edwards, 64 Ill. 526; Walsh v. Murphy, 167

*id.* 228.   It has been often held, however, that where
a lease contains mutual covenants and is executed by
the lessor only, but is delivered to and accepted by the
lessee, the latter is bound by its terms.   Henderson v.
Virden Coal Co., 78 Ill. App. 437; Fields v. Brown, 90
Ill. App. 195.

The record shows that while the lessors in person
did not sign the lease, it was delivered to and accepted
by them; that they had given possession of the demised
premises and accepted rent in accordance with the
terms of the lease.   The lessors, therefore, would not
have been allowed to repudiate the contract.   Fields
v. Brown, *supra.*   The plaintiff in error signed the
lease as lessee and accepted benefit under it.   He can-
not now repudiate it.   The contract need not neces-
sarily have been under seal.   Lake v. Campbell, 18 Ill.
106.

Counsel for the plaintiff in error say that the entire
case of the defendants in error having rested upon
the sealed instrument signed by the agents, and they
having declared upon the same as a specialty, they
were not entitled to recover.   In this statement coun-
sel lose sight of the fact that in the Municipal Court
of Chicago in cases of the fourth class no written plead-
ings are required.   The court having jurisdiction of
the subject-matter and the parties, may render such
judgment as the justice in the case demands.   Edger-
ton v. C. R. I. & P. Ry. Co., 240 Ill. 311.   Cases turn-
ing upon pleadings are therefore not in point.

The plaintiff in error alleges as a further ground
for reversal that there was a practical eviction, be-
cause the premises had become uninhabitable, being
infested with fleas.   There is no proof in the record
as to how the apartment became infested,—whether
through the fault of the plaintiff in error or other-
wise,—and we do not regard the defense thus inter-
posed as conclusive.   In any event it was a question
of fact to be determined by the jury, and the jury

decided it adversely to the plaintiff in error. This verdict has received the approval of the court below by its order overruling a motion for a new trial.

We find no reason for reversing the judgment, and the same is affirmed.

*Affirmed.*