## Arthur F. Sterrett, Appellee, v. Frank H. Lennards, Appellant.

### Gen. No. 23,587.

1. LANDLORD AND TENANT, § 8*—*when relation created.* The relation of landlord and tenant is created by a lease under seal signed by the tenant and by the lessor's wife in her name, the tenant having entered into possession and the parties by their subsequent conduct having recognized the existence of the relation.

2. LANDLORD AND TENANT, § 35*—*what is effect of failure of lessor to sign lease.* Where a default by the tenant occurs, under the provisions of a lease under which the tenant entered into possession, the lessor may recover upon the lease, although he did not sign it.

3. LANDLORD AND TENANT, § 330*—*what may be included in judgment for rent.* In an action by a lessor for the recovery of premises and for unpaid rent, judgment may be entered for instalments of rent due at the time of the trial.

Appeal from the County Court of Cook county; the Hon. ANDREW D. WEBB, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed May 14, 1918.

FRANK H. LENNARDS, *pro se.*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ARCHIBALD CATTELL and CARL A. WALDRON, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This appeal is from a judgment for plaintiff for possession of leased premises and unpaid rent. It was begun in a Justice's Court and tried *de novo* in the County Court. The main question is whether the relation of landlord and tenant existed between the parties.

The lease purported in the body thereof to be between plaintiff and defendant as the party of the first and second part, respectively, and it contained many of the usual covenants, among them, that in case of default in the payment of rent the party of the first part would have the right to repossess himself of the premises and the party of the second part would be deemed guilty of forcible detainer, and that the first party might have access to the premises to make any needful repairs he saw fit. The *testimonium* clause stated that said parties had set their hands and seals to the instrument, but it was signed "Mrs. A. F. Sterrett," "Frank H. Lennards," and bore their seals.

The lease was negotiated and drawn by plaintiff's agent, one Shayne, at his office when no one was present except defendant and said agent. Defendant did not see Mrs. Sterrett until some time after the lease was executed, when she was introduced by Mr. Sterrett and when defendant made an appointment to meet plaintiff and pay him one month's rent. He paid rent to plaintiff three times and to Mrs. Sterrett once, and sent her a check at another time. But he knew that plaintiff was frequently absent from the city in his business and was requested by plaintiff not to call up his wife except in an emergency. He had also talked with plaintiff about repairs and plaintiff had promised him to make certain repairs. Owing to plaintiff's ab-

sence from the city when the lease was executed, and that defendant might take possession at once, plaintiff authorized his wife to sign the lease.

Under the foregoing circumstances we think there can be no doubt that the relation of landlord and tenant existed between the parties hereto. The case is not different from that of *Johnson v. Crane,* 22 Ill. App. 366, where the lease was signed by the lessee under seal but not by the lessors, that of their agent being in place of their signatures. The court said: "But its execution by the defendant under his hand and seal made it his deed, and such execution was all that was necessary to give vitality to the warrant of attorney," under which a judgment in forcible detainer by confession was entered against the lessee.

And so here. Both parties recognized that the relation between landlord and tenant existed between them. The covenants of the lease purported to be between them. Defendant executed the lease under seal and took possession of the premises thereunder, and under such circumstances he was bound by the lease while he occupied the premises. There being a default it was not necessary that plaintiff should have signed the lease at all in order to recover upon it. (*Fields v. Brown,* 90 Ill. App. 195.)

We think there was no error in entering a judgment for the instalments of the rent due at the time of the trial. (Encyc. of Pl. & Pr. vol. 2, p. 841.)

*Affirmed.*