THE HOUSING AUTHORITY OF THE COUNTY OF FRANKLIN, Plaintiff-Appellee, *v.* ROBERT E. MOORE, Defendant-Appellant.

(No. 71-77;

Fifth District—May 25, 1972.

Lou Ann Dorothy and Gary J. Kolb, both of Legal Assistance Foundation of Southern Illinois, Inc., of Marion, for appellant.

Carroll L. Owens, of Benton, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of Franklin County, Illinois, in a forcible entry and detainer suit filed by

the Housing Authority of the County of Franklin, an Illinois Municipal Corporation, against Robert E. Moore, the defendant herein. Judgment was entered in favor of the Housing Authority to recover possession of the premises involved. The defendant has appealed from that judgment. The appeal was initially to our Supreme Court, which transferred the cause to this court, on March 15, 1971.

It appears from the evidence that the defendant and his family were tenants, pursuant to a written lease, in a housing unit which is owned by the Housing Authority of the County of Franklin. On April 3, 1969, after a long period of tenant conflict in the housing unit, the Housing Authority informed Mr. Moore that they were terminating his tenancy, and on April 23, 1969, Mr. Moore was served notice that the Housing Authority was terminating the lease on June 1, 1969.

On the second Thursday of May, 1969, Mr. Moore appeared at the monthly meeting of the board of directors of the Housing Authority of the County of Franklin. At that time Mr. Moore presented his position to the Housing Authority's demand for termination of his lease. In order to resolve the controversy, an offer was made to Mr. Moore which would enable him to move his family to a housing unit of the Housing Authority which was at another location, provided Mr. and Mrs. Moore seek counseling with the Franklin-Williamson County Mental Health Clinic to help resolve their family problems. Mr. Moore rejected the Housing Authority's offer, and by his attorney, requested a hearing before the board of directors so that his attorney could present his case. On June 12, 1969, Mr. Moore was served with a Notice of Eviction, stating the violations of the lease agreement upon which the Housing Authority relied for eviction. Mr. Moore was also advised that he would have an opportunity to reply or explain at a hearing to be held on July 10, 1969, before the board of directors of the Housing Authority of the County of Franklin. On July 10, 1969, Mr. Moore and his attorney appeared before the board and presented testimony in opposition to the proposed termination of the lease, and requested that complaining neighbors be called by the Housing Authority to testify against him before the Housing Authority; the request was not honored. At he conclusion of the hearing, the board voted to proceed with legal process to recover possession. On July 14, 1969, the defendant was served with Notice to Quit the leased premises by August 1, 1969.

On September 11, 1969, the United States District Court for the Eastern District of Illinois denied Mr. Moore an injunction against the Housing Authority to restrain them from eviction proceedings. The Housing Authority filed the instant suit in the Circuit Court of Franklin County, Illinois, to recover possession, alleging Mr. Moore's default in

certain provisions of the lease agreement. Mr. Moore's motion for judgment on the pleadings was denied, and a trial was held in which the administrator and various neighbors testified, and were cross examined by Moore's counsel.

At the conclusion of the trial judgment was entered for the plaintiff, the Housing Authority of the County of Franklin, for the possession of the premises occupied by the defendant and his family.

Four issues have been presented on this appeal: 1) Did the Housing Authority comply with the requirements of due process as provided by the Fifth and Fourteenth Amendment to the United States Constitution and Article II, Section 2, of the Constitution of Illinois, 1870; 2) Whether the court erred in denying the defendant's motion for judgment on the pleadings; 3) Whether the court edded in finding a valid lease agreement in the absence of the defendant's signature thereon; and 4) Did the court err in its rulings as to the admissibility of certain evidence.

The defendant's first argument is that the initial hearing before the Housing Authority failed to comply with the requirements of due process in that he was denied the right to confront and cross-examine adverse, witnesses, that the decision at the hearing was not based on evidence adduced at the hearing, that an impartial decision maker was not provided, that the decision maker did not state the reasons of its decision and the evidence relied upon, and that no official record was prepared of that hearing. Accordingly, the initial issue is whether due process requirements must be met at such hearings, or is it sufficient if due process requirements are later fulfilled in the court, in this case in the forcible entry and detainer proceedings?

■■ The defendant submits that it is not sufficient that due process requirements are later fulfilled in the courts, and that they must be afforded at the initial stage before the Housing Authority. We disagree. In *Thorpe v. The Housing Authority of Durham* (1969), 393 U.S. 268, the Supreme Court of the United States reviewed an eviction proceeding involving a federally assisted housing project. The facts in that case indicated that the tenant had not been given any reason for her eviction, and in the trial court no reason was given for her eviction. The tenant there appealed from a decision in favor of the Housing Authority recovering possession. The Supreme Court of the United States, in reversing and remanding the case, required the Housing Authority to comply with the requirements of the Department of Housing and Urban Development Circular dated February 7, 1967. The court further observed:

"The Authority may be able to provide petitioner with reasons that justify eviction under the express terms of the lease  *  *  *. And if she challenges the reasons offered, the Authority may well decide to

afford her the full hearing she insists is essential. Moreover, even if the Authority does not provide such a hearing, we have no reason to believe that once the petitioner is told the reasons for her eviction she cannot effectively challenge their legal sufficiency in whatever eviction proceedings may be brought in the North Carolina Courts." 393 U.S. 268 at 284.

Our Supreme Court in *Chicago Housing Authority v. Stewart*, 43 Ill.2d 96, held the ruling in *Thorpe* to be binding upon federally assisted housing projects.

In the instant case there is no question as to the compliance with the HUD circular. The text of the circular provides as follows:

"SUBJECT: Termination of Tenancy in Low-Rent Projects:

Within the past year increasing dissatisfaction has been expressed with eviction practices in public low-rent housing projects. During that period a number of suits have been filed throughout the United States generally challenging the right of a Local Authority to evict a tenant without advising him of the reasons for such eviction.

Since this is a federally assisted program, we believe it is essential that no tenant be given notice to vacate without being told by the Local Authority, in a private conference or other appropriate manner, the reasons for the eviction, and given an opportunity to make such reply or explanation as he may wish.

In addition to informing the tenant of the reason(s) for any proposed eviction, from this date each Local Authority shall maintain a written record of every eviction from its federally assisted public housing. Such records are to be available for review from time to time by HUD representatives and shall contain the following information:

1. Name of tenant and identification of unit occupied.
2. Date of notice to vacate.
3. Specific reason(s) for notice to vacate. For example, if a tenant is being evicted because of undesirable actions, the record should detail the actions which resulted in the determination that eviction should be instituted.
4. Date and method of notifying tenant with summary of any conferences with tenant, including names of conference participants.
5. Date and description of final action taken.

The Circular on the above subject from the PHA Commissioner, dated May 31, 1966, is superseded by this Circular.

> (s) Don Hummel
> Assistant Secretary for Renewal
> and Housing Assistance

HUD Circular, 2-7-67."

The defendant was given notice to vacate and was also given notice of the reasons for the eviction. The defendant was further given the opportunity, and in fact, availed himself of the opportunity to appear before the Housing Authority to reply to the alleged reasons.

■■ Although the defendant does not directly assert that the Illinois Forcible Entry and Detainer Act is unconstitutional, he contends, and correctly so, that it is designed to determine one issue, the right to possession. He further contends that it is a summary procedure to restore possession only to *private* landlords and does not comprehend the need and dependency of the average public housing tenant, for whom, he contends, more security is needed. No authority is cited for this contention.

As we understand the defendant's position, he urges that he should have had a due process hearing before the Housing Authority before the Forcible Entry and Detainer action was commenced, even though there had been compliance with the HUD Circular, and he had not appealed from denial of the injunction by the U.S. District Court.

We find no authority that such hearing is a prerequisite of the filing of an action under the Forcible Entry and Detainer Act, and as stated by the United States District Court, in denying the issuance of an injunction at the request of the defendant in *Moore v. The Housing Authority of the County of Franklin*, No. 69-132-D:

"In the instant case the Franklin County Housing Authority complied with the procedures outlined in the HUD circular and extended to plaintiff the notice and hearing required by the Thorpe decision. Furthermore, if a tenant in a public housing project is apprised of the reasons for his eviction and has an opportunity to challenge their legal sufficiency in a state court proceeding, then the cited dictum in the second Thorpe case support the conclusion that a full hearing before the housing authority is not required by the due process clause of the Fourteenth Amendment. Therefore, since the Franklin County Housing Authority must file suit in the Illinois State Courts to recover possession of the leased premises from plaintiff, Forcible Entry and Detainer Act, Ill. Rev. Stat., Ch. 57, it is the opinion of this court that plaintiff's rights to procedural due process are adequately protected under state law."

The defendant's reliance on *Goldberg v. Kelly*, 397 U.S. 254, does not alter our holding. In *Goldberg* the Supreme Court of the United States, in declaring that welfare benefits are a matter of statutory entitlement for persons qualified to receive them, and that their *termination* involves state action that adjudicates important rights, held that procedural due process is required to terminate those welfare benefits.

In the instant case the benefits that the defendant received by virtue of his lease with the Housing Authority were *not terminated* until the conclusion and judgment entered by the court in the forcible entry and detainer proceedings. In those proceedings the defendant was afforded the opportunity to challenge the legal sufficiency of the Housing Authority's allegations.

Likewise, we find *Escalara v. New York City Housing Authority,* 425 F.2d 853, *cert.* den. 400 U.S. 853, to be clearly distinguishable due to the peculiar nature of the leases involved and the lack of remedy available to the tenant in the New York State courts. We do not consider the holding in *Escalara* to be applicable to an action brought under the Illinois Forcible Entry and Detainer Act, in a case in which the benefits have not been previously terminated.

In regard to the second issue, it appears that the plaintiff alleged in its complaint that the defendant was guilty of acts and conduct on the part of himself and his family in violation of his lease agreement with the plaintiff. In his answer the defendant set up an affirmative defense that as a recipient of a welfare benefit a property interest was created in the defendant-tenant, which interest was protected by the due process and equal protections clause of the United States Constitution; and further, that the plaintiff's action was an arbitrary denial of the public welfare benefit, and an unjust and malicious deprivation of the defendant's tenancy without just cause. The defendant contends that the affirmative defense created issues of fact to be determine by the court, and in addition the plaintiff's failure to reply to the affirmative defense was an admission to the truth of the matters contained therein. Accordingly, the defendant argues that the court erred in its denial of his motion for judgment on the pleadings.

The plaintiff contends that the defense by the defendant failed to allege new matter, and therefore, a reply to the answer was not required. It is further contended by the plaintiff that the defendant's answer set up mere conclusions of law to which a reply is not required.

■■ The defendant's answer and affirmative defense appears not to require a reply. The answer is merely a denial of the allegations of the complaint, and the affirmative defense contains no new matter and is merely the conclusions of law of the defendant, thereby negating the requirement of a reply by the plaintiff. (*Farley v. Security Insurance Company of New Haven, Conn.,* 331 Ill.App. 448; *Allwood v. Cahill,* 382 Ill. 511.) Accordingly, we find no error in the court's denial of the defendant's motion for judgment on the pleadings.

In regard to the third issue, it appears that the lease agreement refers in its text to the defendant as the lessee and the plaintiff as the lessor.

However, the lease was executed, in the space at the end of the lease for that purpose, by "Mrs. Irene L. Moore", who was the wife of the defendant. The defendant asserts that the plaintiff failed to prove a valid lease between the parties, and therefore, an action of Forcible Entry and Detainer did not lie.

■■■ A tenant being synonymous with a lessee is bound by the terms of the lease whether or not he signs the lease where he accepts the lease, (*McFarlane v. Williams*, 107 Ill. 33), and the defendant's occupancy and the use of the premises was an acceptance of the terms of the lease agreement, whether or not he signed the lease. (*Baragiano v. Villani*, 117 Ill.App. 372; *Smith v. Mitchell*, 168 Ill.App. 36.) We find no error in the court's finding of a valid lease agreement between the parties.

In regard to the last issue, the defendant contends that the court erred in permitting the introduction of evidence in support of alleged breaches of the lease, and is based on the premise that there was no valid lease agreement between the parties. The defendant further contends that the court erred in refusing to consider the constitutional issues presented in his affirmative defense. These objections have been answered heretofore in this opinion.

■■■ The defendant at last contends that it was prejudicial error for the trial court to exclude a tape recording which purported to depict the conduct of the defendant's neighbors. The admissibility of such demonstrative evidence is within the discretion of the court, and we find no abuse of discretion on the part of the court in its failure to admit this evidence. *Behles v. Chicago Transit Authority*, 346 Ill.App. 220.

For the aforegoing reasons the judgment entered by the Circuit Court of Franklin County is affirmed.

Judgment affirmed.

G. MORAN, P. J., and CREBS, J., concur.