SUSAN SONNTAG, Plaintiff-Appellant, v. WHIPPLETREE VILLAGE PARTNERSHIP *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—89—2627

Opinion filed December 24, 1990.

Spina, McGuire & Okal, P.C., of Elmwood Park (John D. Spina, of counsel), for appellant.

Wolin & Rosen, Ltd., of Chicago (Harold Rosen and Marty J. Schwartz, of counsel), for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

Susan Sonntag's complaint for violation of section 24 of the Mobile Home Landlord and Tenant Rights Act (the Mobile Home Act) (Ill. Rev. Stat. 1987, ch. 80, par. 224) was dismissed for failure to state a claim. For the reasons below, we affirm.

Susan Sonntag owned a mobile home and leased lot 383 in a mobile home park owned by the Whippletree Village Partnership in Wheeling, Illinois. On September 6, 1988, due to Sonntag's failure to pay rent, Whippletree was awarded a judgment for possession of lot 383. Enforcement of the judgment was stayed until October 31, 1988.

On September 18, 1988, Ms. Sonntag entered into a contract to sell her mobile home to a third party for $12,000. On September 19, she applied to Whippletree for a lot lease for the purchaser. Whippletree rejected the lease and ordered Ms. Sonntag to remove her mobile home from the lot immediately.

Ms. Sonntag sued Whippletree for violation of section 24 of the Mobile Home Act, which provides in relevant part:

"The park owner shall be enjoined and restrained from prohibiting, limiting, restricting, obstructing or in any manner interfering with the freedom of the mobile home owner to:

(a) Sell his mobile home to the purchaser of his choice, provided that the park owner shall be allowed to promulgate any general qualifications or lawful restrictions on park residents which limit or define the admission of entrants to the park. The purchaser, prior to closing, must obtain a written and signed lease." (Ill. Rev. Stat. 1987, ch. 80, par. 224.)

Ms. Sonntag alleged that Whippletree's rejection of the purchaser and order to remove the mobile home immediately violated section 24 and forced her to sell her mobile home at a loss of $10,300.

Whippletree moved to dismiss, arguing that the judgment for possession terminated the lease and, therefore, Ms. Sonntag was no longer entitled to protection under the Mobile Home Act. The trial court granted Whippletree's motion. Ms. Sonntag appeals.

■■ ■ Ms. Sonntag's complaint was properly dismissed. The Mobile Home Act regulates the rights, remedies, and obligations of the parties to a lease for a mobile home lot (Ill. Rev. Stat. 1987, ch. 80, par. 201), and neither its language nor legislative history indicates the intent to extend application of the Mobile Home Act beyond the duration of the lease or the scope of the landlord-tenant relationship created by the lease. Thus, when the judgment for possession terminated the lease, the Mobile Home Act ceased to apply.

But termination of the lease alone did not preclude application of the Mobile Home Act here. Here, Ms. Sonntag made no allegation that the cause of action arose from the landlord-tenant relationship created by the lease. Rather, Ms. Sonntag alleged that the cause of action arose solely from Whippletree's failure to comply with section 24 of the Mobile Home Act.

Section 24 of the Mobile Home Act requires that the purchaser of a mobile home obtain a lease for the lot on which it sits before closing the sale. The lot owner may not interfere with the sale, either by frustrating the transaction or arbitrarily refusing a lease to the purchaser, but he may determine that the purchaser meets lawfully promulgated qualifications for entry to the park. (Ill. Rev. Stat. 1987, ch. 80, par. 224.) Thus, section 24 contemplates the not uncommon circumstance where the ownership of a mobile home changes hands while the mobile home remains on a rented lot, providing a mechanism for the tenant of the lot to change with the ownership of the mobile home.

Here, however, there was no tenant for lot 383 when Ms. Sonntag sold her mobile home; the judgment for possession had terminated the lease. Thus, neither Ms. Sonntag nor her purchaser was required to obtain a lease from Whippletree prior to closing the sale of the mobile home, and with no extant tenant for lot 383, Whippletree was entitled to accept or refuse any potential tenant for lot 383, without regard to Sonntag or any person Ms. Sonntag proffered.

■ Ms. Sonntag further alleged that Whippletree's refusal to grant the purchaser a lease, and demand to vacate lot 383, immediately forced her to sell her mobile home at a $10,300 loss. That loss, Ms. Sonntag contends, resulted from the fact that a mobile home without a lot is worth substantially less than one with a lot.

But if Ms. Sonntag's mobile home was worth substantially less without lot 383, then it was Ms. Sonntag's own failure to pay rent, and the resulting judgment for possession, which deprived her of a lot, and not Whippletree's demand that she vacate. The judgment for possession gave Whippletree a right to possession of lot 383, and although the stay order prevented enforcement of the judgment through legal channels, Whippletree was within its rights to demand that Sonntag leave immediately.

■■ Ms. Sonntag argues that the stay of enforcement allowed her to remain on lot 383 until October 31, 1988, and thus she was a tenant within the meaning of the Mobile Home Act. We disagree. The judgment for possession terminated Ms. Sonntag's rights to lot 383, and the stay was not entered to extend Ms. Sonntag's rights. Rather, the stay was an administrative necessity, given the volume of judgments in Cook County that often imposes a delay of 30 days or more for enforcement by the sheriff's office.

■■ Even assuming the Mobile Home Act applied here, Ms. Sonntag failed to allege sufficient facts to show that Whippletree violated section 24. Ms. Sonntag alleged no facts showing that the purchaser was a qualified purchaser for the mobile home, who met the legal qualifications for entry to the park. Ms. Sonntag made no allegations that Whippletree's rejection of the purchaser's lease application was intended to frustrate the sale of her mobile home or that Whippletree's rejection of the purchaser was based on unlawful qualifications for entry to the park. In the absence of sufficient factual allegations showing a violation of section 24, dismissal of the complaint was proper. Accordingly, we affirm.

Affirmed.

CAMPBELL and MANNING, JJ., concur.