Margaret WILLIAMS, Debtor–Appellant,

v.

**CHICAGO HOUSING AUTHORITY,**
Appellee.

Nos. 96 C 8265, 96 B 20265.

United States District Court,
N.D. Illinois,
Eastern Division.

April 10, 1997.

Brenda L. Grauer, Legal Assistance Foundation of Chicago, Chicago, IL, for Margaret Williams.

Margaret Williams, Chicago, IL, pro se.

Scott Eric Turner, Chicago Housing Authority, Chicago, IL, Nancy K. Laureto, CHA Legal Dept., Chicago, IL, Maria Theresa Olea Baguio, Office of Gen. Counsel, Chicago, IL, for Chicago Housing Authority.

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

On August 5, 1996, Margaret Williams ("Williams") filed a petition for relief under Chapter 13 of the Bankruptcy Code ("the code"). In her Chapter 13 plan, Williams provided for the assumption of her unexpired lease agreement. Pursuant to section 362 of the code, an automatic stay barred the continuation of all civil actions against Williams, including any actions based on a violation of her lease. 11 U.S.C. § 362. On October 28, 1996, the bankruptcy court granted the Chicago Housing Authority's ("CHA's") motion to modify the automatic stay as to the lease. Williams now appeals the bankruptcy court's modification of the stay.

### BACKGROUND

Williams has resided at Albany Apartment, a CHA-owned development since 1991. In 1995, Williams stopped paying her monthly rent. On January 11, 1996, CHA served Williams with a fourteen day notice and demand for rent. Williams failed to pay the amount owed within the fourteen days. Accordingly, the CHA filed a forcible entry and detainer action against her in state court.

On August 5, 1996, prior to the entry of any dispositive order in the action, Williams filed a petition for relief pursuant to the code. In her Chapter 13 plan, Williams provided for the assumption of her unexpired lease agreement. Consequently, an automatic stay barred the CHA from taking any action against Williams.

On August 19, 1996, CHA moved to modify the automatic stay. The bankruptcy court granted the motion on the grounds that Williams' lease terminated before she filed for bankruptcy. In particular, the bankruptcy court found that the lease terminated at the expiration of the fourteen day notice period or, at the latest, when CHA took the affirmative step of filing its forcible action. Williams now appeals from the bankruptcy court's ruling.

### DISCUSSION

**I. STANDARD OF REVIEW**

The court reviews the bankruptcy court's factual findings for clear error and its legal

conclusions *de novo*. *Matter of UNR Industries, Inc.*, 986 F.2d 207, 208 (7th Cir.1993). Here, the parties do not dispute the bankruptcy court's factual findings. Rather, Williams challenges the court's legal determination of when a lease should be considered terminated. Accordingly, the bankruptcy court's decision is reviewed *de novo*.

## II. TERMINATION OF THE LEASE

 The only issue here is whether the lease had terminated at the time Williams filed a petition for relief under Chapter 13 of the code. The question is governed by Illinois law. *In re Brass Kettle Restaurant, Inc.*, 790 F.2d 574, 575 (7th Cir.1986). Unfortunately, Illinois law does not yield a clear answer. Williams points to *Housing Authority of Franklin County v. Moore*, 5 Ill.App.3d 883, 284 N.E.2d 456, 460 (1972), and *Sonntag v. Whippletree Village Partnership*, 207 Ill. App.3d 892, 152 Ill.Dec. 780, 566 N.E.2d 467 (Ill.App.Ct.1990), which suggest that a lease is not terminated until a judgment for possession is entered against the lessee. CHA points to Illinois cases that suggest a different conclusion. *Jefferys v. Hart*, 197 Ill.App. 514 (1916); *Elizondo v. Perez*, 42 Ill.App.3d 313, 1 Ill.Dec. 112, 356 N.E.2d 112 (1976).

 In support of its interpretation of state law, CHA cites two decisions of this court. *In re Maxwell*, 40 B.R. 231, 236 (N.D.Ill.1984) (Moran, J.); *Cunningham v. Lifelink Corp.*, 159 B.R. 230, 233 (N.D.Ill. 1993) (Moran, J.). However, those cases were called into question by *Robinson v. Chicago Housing Authority*, 54 F.3d 316, 322 (7th Cir.1995). In *Robinson*, the Seventh Circuit found "the conclusion in Maxwell that a lease is ended prior to a judgment of possession [to be] questionable" *Id.* In *Robinson*, the debtor filed a bankruptcy petition after the state court had ruled on the landlord's action under the Illinois Forcible Entry and Detainer Act, 735 ILCS 5/9–209. Thus, while questioning *Maxwell* and *Cunningham*, the Seventh Circuit did not explicitly overrule those decisions. Instead, *Robinson* merely states that before a lease is terminated: (1) a landlord must undertake all necessary procedural steps to repossess the premises, and (2) the tenant must not

have any legal recourse to revive the lease. *Robinson*, 54 F.3d at 321.

The courts have not yet come to a consensus on the effect of the *Robinson* test in the situation presented here. Some judges have found *Robinson* persuasive and have held that a lease is not terminated under Illinois law until the issue of possession has been resolved. *Thomas v. Chicago Housing Authority*, 919 F.Supp. 1159, 1167 (N.D.Ill.1996) (Bucklo, J.) (citing *Herring v. Chicago Housing Authority*, 850 F.Supp. 694, 698 (N.D.Ill. 1994)); *In re Brown*, 95 B 16825, 1995 WL 904913, at *3. (Bankr.N.D.Ill.Dec.19, 1995) (Ginsberg, J.). One judge has even suggested that a public housing tenant's due process rights are violated if a lease is terminated before the tenant has an opportunity to present defenses to the landlord's action. *In re Brown*, 1995 WL 904913, at *3. In contrast, other judges have questioned the dicta in *Robinson* and reached the opposite conclusion. *In re Finkley*, 203 B.R. 95, 103 (Bankr. N.D.Ill.1996) (Wedoff, J.); *In re Gant*, 201 B.R. 216, 222–23 (Bankr.N.D.Ill.1996) (Squires, J.).

The court will not rehash the numerous arguments presented in these cases. The Seventh Circuit's suggestion in *Robinson*, and the holdings in *Herring*, *Brown*, and *Thomas* are persuasive. Namely, a lease is not terminated until the issue of possession is resolved. *Robinson*, 54 F.3d at 322 (under Illinois law, "a lease may not end until a judgment of possession has been entered"); *Herring*, 850 F.Supp. at 698; *Brown*, 1995 WL 904913, at *3. Thus, Williams' lease was not terminated at the time she filed her Chapter 13 petition.

## *CONCLUSION*

The bankruptcy court's order granting the Chicago Housing Authority's motion to modify the automatic stay is reversed.