O'Malia v. Glynn.

---

MARGARET O'MALIA AND PATRICK O'MALIA
v.
JOHN GLYNN.

*Forcible Entry and Detainer—Act of, Sec. 2—Practice.*

A suit of forcible entry and detainer not being maintainable because of a

failure to make the statutory demand, the defendant appealing from the justice's judgment in behalf of the plaintiff, will not estop the plaintiff from giving the required notice and beginning another suit, without first dismissing the appeal suit in question.

[Opinion filed December 7, 1891.]

APPEAL from the Circuit Court of Stephenson County; the Hon. JOHN D. CRABTREE, Judge, presiding.

Mr. U. D. MEACHAM, for appellants.

Messrs. GARVER & FISHER, for appellee.

HARKER, J.   This action was brought by appellee on the 31st of May, 1890, before a justice of the peace, under the 6th clause of Sec. 2 of the Forcible Entry and Detainer Act. Judgment was rendered by the justice in favor of appellee, and on an appeal to the Circuit Court, where the case was tried without a jury, a like judgment was rendered.

Appellee made a clear case by his proofs.   The only defense interposed was a judgment recovered before the same justice in a like action, for the same premises, in favor of appellee and against appellants on the 29th of April, 1890, and appealed from to the Circuit Court.   At the September term, 1890, of the Circuit Court, appellee dismissed his first suit for the reason that no demand in writing for the possession of the premises sued for had been made before its commencement.   The judgment in this case was not rendered until the December term, 1890.

The only question involved is whether appellee was compelled to wait until after he should dismiss his first suit in the Circuit Court before commencing another action.

At the time of the commencement of this suit the former one was pending for trial *de novo* in the Circuit Court.   The first one could not be maintained because no demand in writing for possession had been made.   A demand in writing, before the commencement of suit, was a condition precedent to plaintiff's right of recovery; without it there was no cause of

action.    It can not be said, then, that the two suits were for the same identical cause of action.

The suit first commenced not being maintainable, because of failure to make the proper statutory demand, we hold that during its pendency appellee could put himself in position to maintain a suit by giving the required notice and then commence again, without suffering the delay incident to a dismissal of the appeal suit in the Circuit Court.

*Judgment affirmed.*