## Charles W. Lasher v. H. H. Graves.

### Gen. No. 12,320.

1. LEASE—*when forfeiture for non-payment of rent cannot be
enforced.*   A tender by the defendant to the landlord, or his agent,
of the amount due as claimed within the five days provided by the
five days' notice to quit, if refused will defeat a forfeiture of the
lease.

Action commenced before justice of the peace.   Appeal from the
Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge,
presiding.   Heard in this court at the March term, 1905.   Affirmed.
Opinion filed March 1, 1906.

WADE GARFIELD, for appellant.

No appearance for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

Appellant rented to appellee certain premises situate on
Clark street in the city of Chicago from May 1, 1904, to
April 30, 1905, at a monthly rental of $48, payable in ad-
vance on the first day of each and every month of said term.
Of the rent falling due August 1, 1904, appellee paid $15
only.   August 12, 1904, appellant caused written notice of
demand under the statute (R. S. Hurd, sec. 8., ch. 80) to be
personally served upon appellee by one John D. McEwing,

who, by the notice, was authorized to receive the rent for appellant. At the time he was so served appellee swears that he tendered to McEwing the remainder of said August rent, and that McEwing refused to take it, saying that appellant wanted possession and did not want the rent. In contradiction of this evidence McEwing testified: "Mr. Graves did not tender the rent at that time, not to my recollection. He didn't go and get the money and tender me $33 then. Not to my recollection."

Suit in forcible entry and detainer was brought by appellant before a justice of the peace, and there appellant had judgment. The case was appealed to the Superior Court. In the Superior Court appellant and U. G. Hayden testified that on the trial before the justice appellee admitted that he did not tender the rent until after the five days had gone by. Appellee denied that he had so testified.

The court instructed the jury as follows:

"The jury are instructed, that if you believe from the evidence that the plaintiff, by his agent, John D. McEwing, served upon the defendant a notice that if the defendant did not pay within five days the rent then due for the premises in question, he, the plaintiff, would declare the lease terminated; and if you further believe, from the evidence, that the said notice stated that the said McEwing was authorized to accept the said rent, and if you further believe that the defendant, at the time the said notice was served upon him, tendered to the said McEwing the amount of rent due, and that the said McEwing refused to accept said rent, then you are instructed that the plaintiff cannot recover in this action, and your verdict should be for the defendant."

To the giving of this instruction appellant preserved an exception.

The jury found for appellee. Thereupon this appeal was perfected.

The question of fact was for the determination of the jury. The evidence in this regard is contradictory. We do not think that the finding of the jury is manifestly against

the weight of the evidence. The instruction is the law of this State. In Chapman v. Kirby, 49 Ill., 211, in a similar case the Supreme Court say at page 216: "The notice was served on appellee on the 7th day of May, 1867, and appellants instructed their clerk, who served the notice, not to receive the rent if appellee offered to pay it, and he offered to pay it, and the money was refused within ten days after the service of the notice. It was held, in the case of Chadwick v. Parker, 44 Ill., 326, in giving a construction to this statute, that ten days' notice must be given, and that the tenant may pay the rent in arrear within that time and prevent a forfeiture. We see that appellee did all he could to pay the rent then due, but it was refused, and the offer and refusal were tantamount to payment, and saved the lease from forfeiture."

We refrain from giving a history of this form of action and the rules governing it. One seeking that information can consult Chadwick v. Parker, *supra;* Woodward v. Cone, 73 Ill., 241, and Woods v. Soucy, 166 Ill., 407, with profit.

The judgment of the Superior Court is affirmed.

*Affirmed.*