Percy D. Chapman and Mildred Chapman, Plaintiffs-Appellees, v. Fred Woolsey and Elizabeth Woolsey, Defendants-Appellants.

Term No. 54-O-12.

Fourth District.
February 1, 1955.
Rehearing denied February 23, 1955.
Released for publication March 3, 1955.

261

Irving M. Wiseman, of Alton, for appellants.

Gilson Brown, and Harold G. Talley, both of Alton, for appellees.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from an order of the county court of Madison county allowing plaintiffs' motion for summary judgment in an action for recovery of premises owned by plaintiffs, and ordering a writ of restitution and the payment of rent to cover rental due and unpaid

to the time of the judgment. The court, likewise, in such order denied a motion to dismiss and ordered that the issue of double rental under section 2 of the Landlord and Tenant's Act (1953 Illinois Revised Statutes, chapter 80, paragraph 2 [Jones Ill. Stats. Ann. 72.02]), be set for jury trial at the next setting of jury cases in the county court.

On appeal in this court it is contended by defendants that the court erred in granting the plaintiffs' motion for summary judgment because there were presented two jury questions: (first) the question of double rental; and, (secondly) the question of waiver by acceptance of rent involving the question of whether a new tenancy was created thereby. Defendants also contend that since there was a prior suit pending between the same parties in the circuit court in a forcible entry and detainer action appealed from a judgment in another justice-of-the-peace court, the court should have granted the motion to dismiss the appeal in the cause filed in the county court.

The affidavit in support of the motion for summary judgment discloses that the plaintiffs, as landlords, had served a thirty-day notice of termination of a month-to-month tenancy, and had also served a five-day written demand for rent on defendants. Defendants, in their counteraffidavit, recite that another prior action was pending in the circuit court of Madison county, and that since the pendency and filing of the suit in the county court defendants had paid plaintiffs several payments by way of check, which were accepted by plaintiffs as rent, and that this constituted a new leasing and a tenancy from month-to-month, and that by accepting the rent plaintiffs waived all right to proceed further. Defendants alleged only part-payment of the rent and did not assert that they had paid all the rent in arrears and past due.

In the supplemental affidavit filed in the county court proceedings the plaintiffs pleaded the papers and

263

pleadings on file in the circuit court in the previous action and stated that the defenses were without merit for the reason that the cause in the circuit court was not the same as the present cause and that the circuit court had no jurisdiction of the subject matter of the cause then on file in that court.

The issues presented to the county court substantially involved the question of, (a) whether acceptance of part-payment of rent pending an appeal constituted a waiver of termination or forfeiture of the tenancy and created a new month-to-month tenancy; and (b) whether the circuit court proceeding operated to bar or abate the county court proceeding, in view of the fact, among other things, that the justice-of-peace who heard the cause in the action appealed to the circuit court did not fix or ascertain the amount of the appeal bond.

■ The present action in forcible entry and detainer in the county court arose from a wrongful holding over after termination of a tenancy. The original action in the circuit court was predicated on nonpayment of rent. The county court action for a wrongful holding over after termination of the tenancy and the original action in the circuit court for nonpayment of rent are not, in fact, the same; and the pendency of the circuit court action would not abate or bar the county court proceeding (Steele v. Grand Trunk Junction Ry. Co., 125 Ill. 385, 392; Merrin v. Lewis, 90 Ill. 505; O'Malia v. Glynn, 42 Ill. App. 51, 52).

■ The circumstance that the justice in the circuit court case failed to fix the bond is unnecessary to a determination of this cause, although such failure would have deprived the circuit court of jurisdiction of the subject matter of such appeal (Fairbank v. Streeter, 142 Ill. 226, 228; Chung Moy Fang v. Blue Island Oil Products Co., 336 Ill. 439, 443).

■■ Similarly, to avoid a forfeiture of a lease under section 9 of the Landlord and Tenant's Act [Ill.

Rev. Stats. 1953, ch. 80, § 9; Jones Ill. Stats. Ann. 72.09] for nonpayment of rent, the tenant must tender or pay all the rent due before the expiration of the time fixed in the five-day demand (Leary v. Pattison, 66 Ill. 203; Strauss v. Fornaciari, 147 Ill. App. 18, 19). In the cause before us only a part of the rent due after the appeal was filed in the circuit court was paid, and the landlord had already, under the record, terminated the tenancy by an unequivocal thirty-day notice in writing. It is obvious that acceptance of the rent paid pending appeal under such circumstances did not waive the forfeiture or renew the tenancy (Vintaloro v. Pappas, 310 Ill. 115, 117; Peacock v. Feltman, 243 Ill. App. 236, 241; 1953 Illinois Revised Statutes, chapter 57, paragraph 20 [Jones Ill. Stats. Ann. 109.280]).

On appeal in this cause the plaintiffs assert that the court below erred in failing to award plaintiffs double damages under section 2 of the Landlord and Tenant's Act on the motion for summary judgment. Under the facts in the record the order of the court below in setting the matter of determination of liability for double rent for trial by jury should not be set aside. The issue as to whether there was a wilful holding over warranting the recovery of double rent under section 2 of the Landlord and Tenant's Act was properly a question for the jury (Grand Union Tea Co. v. Hanna, 164 Ill. App. 570).

The failure of defendants to test the sufficiency of the affidavits in support of the motion for summary judgment admitted that the owners had properly demanded possession of the premises and justified the entry of summary judgment for the owners (Baum v. Martin, 335 Ill. App. 277).

A motion is also made in this cause for an order taxing the costs of additional abstract of record. It is pointed out that the abstract of record filed herein by defendants fails to comply with rule 6 of this court and is insufficient to enable the court to review the cause,

265

and that it was necessary that plaintiffs file the additional abstract of record abstracting the pertinent pleadings, exhibits, and papers necessary for a review of this cause by the court. The motion filed by plaintiffs is well founded in view of the fact that the original abstract of record did not contain all the pertinent pleadings, affidavits, exhibits, and documents necessary for a complete review of the cause. The costs of printing such additional fifteen pages of abstract of record at the rate of $2.00 per page will, therefore, be assessed as against defendants as part of the costs in this proceeding, pursuant to rule 17.

The order of the county court of Madison county will, therefore, be affirmed and the costs assessed as herein stated.

Affirmed, and costs assessed.

BARDENS and SCHEINEMAN, JJ., concur.