ARTHUR E. MADISON, Plaintiff-Appellee, *v.* WILLIAM ROSSER, Defendant-Appellant.

(No. 55854;

First District—February 4, 1972.

C. Daniel Hershenson, of Chicago, for appellant.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

This is an appeal by defendant from a judgment in a forcible entry and detainer action awarding possession of the premises to plaintiff.

■■ Plaintiff has neither filed an appearance in this cause nor filed a brief in this court in response to defendant's brief. However, we shall still review the merits of this appeal rather than enter summary reversal. *Daley v. Jack's Tivoli Liquor Lounge, Inc.,* 118 Ill.App.2d 264.

The undisputed evidence is as follows: Plaintiff is defendant's landlord. The subject apartment is located at 1636 South Trumbull Avenue, Chicago. Defendant has an oral month to month lease at a rental of $130 per month. Plaintiff's custom is to personally collect the rent at defendant's apartment. On December 1, 1970, plaintiff did not come to collect the rent; defendant had the rent money at that time. Thereafter defendant received a notice stating that he must pay the rent within five days or the lease would be terminated. Defendant offered to pay plaintiff immediately upon receiving the notice but plaintiff refused the tender; plaintiff "wanted him out." The instant litigation followed with plaintiff obtaining a judgment for possession.

On appeal defendant contends: (1) that where plaintiff refuses the tender of rent and the sole purpose of the eviction proceeding is in retaliation for several complaints made by defendant to the local building department, the termination of the tenancy is illegal under Section 71 of the Landlord and Tenant Act, Ill. Rev. Stat. 1969, ch. 80, sec. 71,* and (2) that the lease is void since at the time it was entered into there were numerous violations of the Chicago Municipal Housing Ordinance in the subject premises.

■■ Upon being served with the five day notice defendant was under a duty to pay the rent money to plaintiff within five days or the tenancy would be terminated. (Ill. Rev. Stat. 1969, ch. 80, sec. 8.) As the evidence shows, defendant did tender to plaintiff the amount due. His obligation under the notice was then satisfied. The reason given by plaintiff for refusing the tender of rent is immaterial. Plaintiff could not predicate a forcible entry and detainer action on the ground that defendant had not complied with the terms of the notice. *Lasher v. Graves,* 124 Ill.App. 646. See also *Chapman v. Woolsey,* 4 Ill.App.2d 261, 264, 265.

We feel it unnecessary to discuss defendant's other contentions on appeal because it is clear from the record that the trial court's ruling was against the manifest weight of the evidence.

---

\* "71. *Termination of, or refusal to renew, lease—Prohibition Validity of provisions in lease.* It is declared to be against the public policy of the State for landlord to terminate or refuse to renew a lease or tenancy of property used as a residence on the ground that the tenant has complained to any governmental authority of a bona fide violation of any applicable building code, health ordinance, or similar regulation. Any provision in any lease, or any agreement or understanding, purporting to permit the landlord to terminate or refuse to renew a lease or tenancy for such reason is void."

The judgment of the circuit court is reversed with instructions to enter judgment for the defendant.

Reversed and remanded with instructions.

LORENZ, P. J., and ENGLISH, J., concur.