ENRIQUE ELIZONDO, Plaintiff-Appellee, *v.* FELIPE PEREZ *et al.*, Defendants-Appellants.

First District (4th Division) No. 62129

Opinion filed September 22, 1976.—Rehearing denied October 20, 1976.

Benjamin A. Rasky, of Chicago, for appellants.

Greenbaum & Leavitt, of Chicago, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendants, Felipe and Mary Perez, appeal from a judgment for possession of leased premises in favor of the plaintiff, Enrique Elizondo, pursuant to forcible entry and detainer proceedings in the Circuit Court of Cook County. They also appeal from a denial of their motion to vacate the judgment of possession.

The issues for review are whether a landlord may forfeit and determine a lease after a tenant fails to make a rental payment within the time provided by a statutory notice (Ill. Rev. Stat. 1973, ch. 80, par. 8), whether a defendant is entitled to equitable relief to prevent the forfeiture of his lease, and whether the landlord was under an obligation to repair the leased premises by reason of an implied warranty of habitability.

The plaintiff rented commercial premises to the defendants at 3435-37 West 26th Street in the City of Chicago under a written lease beginning

November 1, 1972, and ending October 31, 1977. Rental payments of $500 were to be made on the first day of each month.

The defendants failed to make a rent payment for January of 1975 as required by the lease, and on January 13, 1975, the plaintiff served a five-day notice on the defendants. The defendants failed to tender rent within the time provided and a forcible entry and detainer suit was filed on January 22, 1975. Subsequently, the defendant sent a $500 check to the plaintiff in a letter postmarked January 29, 1975. At trial Elizondo testified he did not accept the check and tendered it back to the defendants.

The defendants testified the rent had been withheld for the reason that the plaintiff had refused to repair cracked windows on the premises. The trial court ruled it was not the plaintiff's obligation to repair the windows, the defendants were in default under the lease for failing to make a timely payment of rent, the plaintiff was not obligated to accept the rent check at the time it was tendered, and thereafter entered an order of possession in favor of the plaintiff and against the defendants.

By agreement of the parties the writ of restitution was delayed provided the defendants pay to the plaintiff the amount of $500 per month for the use and occupancy of the premises. Thereafter, the plaintiff accepted defendants' January rental check and checks for subsequent months.

Section 8 of "An Act to revise the law in relation to landlord and tenant" (Ill. Rev. Stat. 1973, ch. 80, par. 8) provides a landlord may terminate a lease with a tenant who had defaulted in the payment of rent as follows:

"That a landlord or his agent may, any time after rent is due, demand payment thereof and notify the tenant, in writing, that unless payment is made within a time mentioned in such notice, not less than five days after service thereof, the lease will be terminated. If the tenant shall not within the time mentioned in such notice, pay the rent due, the landlord may consider the lease ended, and sue for the possession under the statute in relation of [to] forcible entry and detainer, or maintain ejectment without further notice or demand. * * *"

■■ In this case the defendants admitted receiving the five days notice and admitted failing to make payment within the period provided. The right of a landlord to terminate a lease when the lessee fails to make payment within the time provided in the statute is well settled. *Juhasz v. Haisan* (1949), 337 Ill. App. 387; *Westerman v. Gilmore* (1958), 17 Ill. App. 2d 455; *Madison v. Rosser* (1972), 3 Ill. App. 3d 851.

Although it is not in the record, the defendants assert the plaintiff has a $5000 security deposit and they contend that equity will grant relief to prevent a forfeiture of a lease where there is a strong expectation the

tenant's convenants will be faithfully performed, citing *Soltwisch v. Blum* (1973), 9 Ill. App. 3d 760.

■■ However, that case held it would be inequitable to nullify the plain wording of the lease and place the landlord at the mercy of a tenant who clearly flouts the provisions of his lease without legal excuse. Here, the court held the lessor had no responsibility for repairing the cracked windows, and it is clear the defendants deliberately failed to pay the rent, even after receiving a five-day notice. Thus, they are not entitled to equitable relief. The defendants' contention on appeal that a structural defect in the building prevented them from replacing the windows cannot be considered here, because no such argument was made at trial.

The defendants also contend equity should be invoked because the plaintiff's possession of the $5000 security deposit protected him against loss, and rely on the case of *In re Hool Realty Co.* (7th Cir. 1924), 2 F.2d 334, wherein a court found the existence of a security deposit to be reason enough to prevent a forfeiture. That case is not applicable because the tenant, there, had improved the premises by $250,000, and there is no such circumstance in this case. Furthermore, in the case of *Escher v. Harrison Securities Co.* (9th Cir. 1935), 79 F.2d 777, the court considered the rationale of the *Hool* case and then came to the opposite conclusion:

> "It is our opinion that in all cases of forfeiture the court should jealously regard the legal and equitable rights of all parties, but this does not mean that we can rewrite the lease with new legal provisions or create equitable rights allowing an indefinite postponement of the legal right of repossession, without provision for payment of the defaulted rental." 79 F.2d 777, 782.

Similarly, this court cannot disregard the statute and create a right allowing the defendants to postpone their rent payments.

■■ Finally, the defendants contend the case of *Jack Spring, Inc. v. Little* (1972), 50 Ill. 2d 351, which held that an implied warranty of habitability exists with respect to multiple-dwelling units, should be extended to commercial property. Although the issue of the structural defect is not properly before this court, the defendants' contention is without merit because in *Little* the court expressly limited its application to multiple-dwelling units, and no court in Illinois has extended the rule to commercial leases (*Ing v. Levy* (1975), 26 Ill. App. 3d 889).

For these reasons, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

JOHNSON, P. J., and ADESKO, J., concur.