ANITA ELIZONDO, Plaintiff-Appellee, *v.* ELUTERIO MEDINA, Defendant-Appellant.

First District (4th Division)    No. 80-2427

Opinion filed October 1, 1981.

---

Manuel Reyes, of Reyes, Lopez, Villalobos and Velarde, of Chicago, for appellant.

Gary W. Swenson, of Chicago, for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

Defendant appeals from an order denying his post-trial motion to set aside a judgment for plaintiff in a forcible entry and detainer action involving commercial premises. The court awarded plaintiff possession, $800 rent and costs.

On appeal, defendant contends (1) there was a fatal variance between the pleadings and the proof since plaintiff originally sought $900 in damages for rent; (2) the statutory 5-day notice (Ill. Rev. Stat. 1979, ch. 80, par. 8) was invalid because it demanded more money ($900) than the landlord was entitled to receive; (3) the trial court erred in denying his motion for a new trial when he offered to prove, by a receipt, that he had paid the May rent; and (4) the trial court erred in denying defendant relief from the forfeiture of the lease.

We affirm.

*Background Facts*

Anita Elizondo, plaintiff, testified she gave defendant, Eluterio Medina, a document she identified in court as a 5-day notice; it was received in evidence. The notice stated in part:

"You are hereby notified that there is now due the undersigned landlord the sum of $900 being rent for the premises situated in the Chicago, County of Cook, and State of Illinois, described as follows, to wit: Store located at 3633 West 26th Street, together with all buildings, sheds, closets, out-buildings, garages and barns used in connection with said premises.

And you are further notified that payment of said sum so due has been and is hereby demanded of you, and that unless payment thereof is made on or before the expiration of 5 days after service of this notice your lease of said premises will be terminated July 10th, 1980.

No-one is hereby authorized to receive said rent so due, for the undersigned.

Dated this 5th day of July, 1980."

The document, which is signed by plaintiff and her attorney, and notarized, contains an affidavit of service that plaintiff served the notice on defendant on July 5, 1980, by delivering a copy to him. While defendant owed rent for June, defendant did not submit $900 to her by July 10 as required by the notice; but defendant did submit a check for $400 which she refused to accept. On cross-examination, she testified no one else was authorized to receive the rent including her husband.

Defendant testified he has paid the rent for May, June and July. Defendant attempted to offer into evidence a check in the amount of $400, showing payment of May rent, but its admission was refused. Defendant also claimed he paid the June rent, $150 in cash and a check for $250. Another check for $250 was offered in evidence, but refused. On July 1, defendant claimed he gave plaintiff a money order for $400, but she refused it. Defendant also claimed plaintiff consistently refused to give receipts for the rent. Defendant testified that he was a tenant under a written lease, had occupied the premises since May 1, 1976, and there was a 3-year option to renew under the same terms and conditions.

The trial court found from the evidence presented that there was inadequate evidence of payment of the money due for June and that there was a tender of a portion of the monies due; but the trial court concluded this did not satisfy the 5-day notice; therefore, the tender was insufficient. Because there was a question of the adequacy of the proof since the $100 still due for May was tied in with a previous court case, the court found judgment for rent should be in the sum of $800, rather than $900 specified in the notice.

Defendant filed a written motion for a new trial stating that contrary to plaintiff's testimony that she had not received a certain money order, defendant had obtained the money order and would present it in court. At the hearing on this motion, plaintiff stated that the check related to the May rent. At this hearing, defendant's counsel admitted defendant owed rent money for June and July, but argued that he still had 9 months remaining on a written lease, and the lease should not be forfeited. On August 28, 1980, in denying the motion, the court stayed the judgment during appeal and ordered defendant to deposit with plaintiff's attorney all monies due and owing and pay all the monthly rent that might become due during pendency of the appeal.

■■ ■ Defendant first contends he was prejudiced because the 5-day notice required a tender of $900 and the trial court found only $800 was due. In our opinion, the trial court correctly found that the tender of $400 when $800 was due was an insufficient tender by defendant. It is well settled that the defendant must pay the entire amount due to escape the effect of the 5-day notice. (Compare *Chapman v. Woolsey* (1955), 4 Ill. App. 2d 261, 124 N.E.2d 366.) Similarly, defendant's argument that the 5-day notice was invalid because it demanded more money than plaintiff was entitled to receive is without merit since defendant, having tendered only $400, cannot claim prejudice. *Chapman v. Woolsey* (1955), 4 Ill. App. 2d 261, 265, 124 N.E.2d 366; *Lehndorff USA Limited v. Cousins Club, Inc.* (1976), 40 Ill. App. 3d 875, 879-80, 353 N.E.2d 171.

■■ We also conclude defendant was not entitled to a new trial when he presented additional evidence that he had paid the May rent since the trial court did not include any May rent in its judgment. The trial court's findings made clear that its decision was based on the absence of payment of the June rent and plaintiff's refusal of the tender of the July rent; it was not based on whether or not the May rent was paid.

■■ We also conclude the judgment is not contrary to the manifest weight of the evidence. The record clearly establishes the defendant's receipt of the 5-day notice and his failure to comply with its provisions. Therefore, the landlord had the right to terminate the lease when the tenant failed to make the payment within the time provided and he was also entitled to the rent for June and July. *Elizondo v. Perez* (1976), 42 Ill. App. 3d 313, 314, 356 N.E.2d 112.

■■ Defendant's final contention is that the trial court should have prevented a forfeiture of the lease. Defendant contends his failure to pay was not willful. Although the right to forfeiture may be waived (*Okey, Inc. v. American National Bank* (1981), 96 Ill. App. 3d 987, 422 N.E.2d 221), it appears that the landlord's compliance with the statute under the circumstances is inconsistent with a waiver. In *Elizondo v. Perez* (1976), 42 Ill. App. 3d 313, 356 N.E.2d 112, where the tenant had a $5,000 security

deposit, the court found that it would be inequitable to nullify the plain wording of the lease and place the landlord at the mercy of a tenant who clearly flouted the provisions of his lease without legal excuse. (42 Ill. App. 3d 313, 315.) Although counsel for both parties referred to a 5-year written lease beginning on May 1, 1976, neither party offered the lease in evidence. Whether the defendant deliberately failed to pay the June rent presented a question of fact. Under the circumstances here, we have found that plaintiff properly terminated the lease based on defendant's failure to pay the rent. Therefore, we cannot say that this record contains any circumstances that suggest defendant is entitled to the equitable relief from forfeiture of the lease.

The judgment of the circuit court of Cook County is therefore affirmed.

Affirmed.

ROMITI, P. J., and JOHNSON, J., concur.