**In re Margaret WILLIAMS, Debtor.**

**Bankruptcy No. 96 B 20265.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Oct. 28, 1996.

---

Brenda Grauer, Legal Assistance Foundation, Chicago, IL, for Debtor.

Maria Baguio, Chicago Housing Authority, Chicago, IL, for Landlord/Movant.

Craig Phelps, Chapter 13 Trustee, Chicago, IL.

RONALD BARLIANT, Bankruptcy Judge.

## BACKGROUND

The Debtor is a tenant in a Chicago Housing Authority ("CHA") development. In January, 1996, the CHA served a 14–day Notice of Termination upon the Debtor for

failure to pay rent. The notice contained the statutorily required language, including a statement of the amount due, and provided (emphasis added):

> You are notified that payment of said sum so due is demanded of you; unless payment is made on or before the expiration of 14 days after date of service of the Notice, **your lease of said premises will be terminated on the day following the expiration of said 14 days after service of this Notice upon you.**

The Debtor did not cure the rent default during the 14–day period and in March the CHA filed a forcible entry and detainer complaint in the Circuit Court of Cook County to recover possession of the unit. The Debtor did not raise any defenses or counterclaims. The CHA filed a motion for summary judgment that was scheduled for hearing on August 8, 1996. On August 5th, before the Circuit Court could rule on the CHA's motion, the Debtor filed a petition under Chapter 13 of the Bankruptcy Code.

The CHA has requested relief from the stay to proceed with the forcible action. The Debtor argues that she intends to provide for the cure of the default and the assumption of the lease in her chapter 13 plan. The CHA responds that the lease was terminated prepetition and the Debtor has no interest that can be assumed under § 365 of the bankruptcy code.[1] The CHA is correct and its request will be granted.

## DISCUSSION

The sole issue in this case is whether the Debtor has an assumable interest in the lease under § 365(a).[2] Although federal law dictates that an unexpired lease may be assumed, state law determines whether the lease expired or was terminated before the

bankruptcy. *Robinson v. Chicago Housing Authority,* 54 F.3d 316, 318 (7th Cir.1995) (concluding that there is no meaningful difference between "expired" and "terminated" for purposes of § 365). The CHA argues that the lease terminated either 1) upon expiration of the 14–day notice period; or 2) when it filed the forcible action in the Circuit Court. The Debtor, on the other hand, argues that the lease is not terminated under state law until a judgment for possession is entered.

Section 9–209 of the Illinois Forcible Entry and Detainer Act ("Forcible Act" or "Act") (735 ILCS 5/9–209) provides in relevant part (emphasis added):

> A landlord or his or her agent may, any time after rent is due, demand payment thereof and notify the tenant, in writing, that unless payment is made within a time mentioned in such notice, not less than 5 days after service thereof,[3] the lease will be terminated. **If the tenant does not within the time mentioned in such notice, pay the rent due, the landlord may consider the lease ended, and sue for the possession** under the statute in relation to forcible entry and detainer, or maintain ejectment **without further notice or demand.**

A majority of bankruptcy and district courts sitting in Illinois have followed the decision in *In re Maxwell,* 40 B.R. 231 (N.D.Ill.1984) and concluded that a lease is terminated under Illinois law if the landlord sends the notice of termination to the tenant and the tenant fails to timely cure the default. *See also Cunningham v. Lifelink Corp.,* 159 B.R. 230, 233 (N.D.Ill.1993) (following *Maxwell* and finding that a tenant in a HUD project has no greater rights to assume a lease). This issue must now be revisited, however, following a recent opinion

---

**1.** Unless otherwise indicated, all statutory references are to the bankruptcy code, 11 U.S.C. §§ 101, *et seq.*

**2.** Section 365(a) provides (with exceptions not relevant here) that "the trustee, subject to the

court's approval, may assume or reject any executory contract or unexpired lease of the debtor." A chapter 13 debtor may assume a lease in her plan, subject to § 365. § 1322(b)(7).

**3.** In this case the lease required, and the CHA provided, a 14–day notice.

by the Seventh Circuit containing dicta questioning the *Maxwell* holding.

In *Robinson* the court determined that the eviction process under Illinois law entails five distinct steps:

> [T]he first essential step is that the tenant must be delinquent in her rent. Second, the landlord must notify the tenant, in writing, that the rent must be paid within no less than five days. Third, the specified time period mentioned in the notice must pass without tender of payment by the tenant. Fourth, the landlord must sue for possession or maintain ejectment and obtain a judgment for possession. Fifth, and finally, a writ of possession issues pursuant to the judgment for possession.

54 F.3d at 321–22 (citations omitted). *Robinson* held that after the fourth step (suit and judgment for possession) has been taken the tenant no longer has any interest in the lease and consequently nothing to assume under § 365. The court, however, questioned the cases such as *Maxwell* that held that a lease is terminated after the third step (passage of notice period without tender of rent), stating, "[w]e have some doubt about this conclusion, however, on the grounds that Illinois law may extend protection of the tenant even farther and that a lease may not end until a judgment of possession has been entered." 54 F.3d at 322. The court suggests that the landlord may have only the "right to terminate the lease once notice has been given and no rent has been paid within the allotted time," but the lease may not be abrogated at that time "absent affirmative action on the part of the landlord." *Id.*

Since *Robinson*, two bankruptcy judges in this district have addressed this issue and reached opposite conclusions. In an unpublished opinion in *In re Brown*, Case No. 95 B 16825 (Bankr.N.D.Ill. Dec. 19, 1995), the court concluded that treating the lease as terminated when the landlord has filed a forcible action, but before judgment in that action, violates the tenant's right to due process of law.[4] Although the landlord in *Brown* was a private entity, the court did not explain how the due process doctrine can affect a private party's right to terminate a lease. The right to due process under the 5th and 14th Amendments of the U.S. Constitution is only implicated when there is federal or state governmental action. The Amendments do not affect actions taken by private individuals. *Campo v. Niemeyer*, 182 F.2d 115 (7th Cir.1950). When a private lessor gives notice of default and termination of the lease there is no governmental action and therefore no right to due process. The government does not get involved until the forcible action is filed at which time the lessor is asking for the government's assistance in recovering possession. Before the state court can award possession to the lessor, the tenant's rights to due process must, of course, be satisfied. This is accomplished through the forcible action, which requires notice (§ 9–104 of the Act), a summons and complaint (§ 9–106 of the Act), an opportunity for the tenant to raise defenses germane to the issue of possession (§ 9–106 of the Act) and the right to demand a jury trial (§ 9–108 of the Act).

Judge Squires also rejected *Brown's* reliance on due process stating that the court made "a constitutional leap that the Court is unwilling to make, in the absence of binding precedent from either the Seventh Circuit or the United States Supreme Court." *In re Gant*, 201 B.R. 216 (Bankr.N.D.Ill.1996). Judge Squires recognized that the tenant cannot be deprived of his or her rights to due process. The court concluded, however, that the forcible entry and detainer action is intended to protect the defaulting tenant's due process rights before the tenant's right to *possession* can be terminated, but those pro-

---

4. The facts presented in *Brown* presented a compelling case for finding that the lease had not been terminated pre-petition. The debtor was a tenant in a federally subsidized housing program. She did not pay her rent because she had been robbed. The Department of Human Services agreed to pay her rent if the landlord completed certain forms. The landlord failed to complete the forms. The debtor then attempted to cure the default, but the landlord refused to accept payment and instead gave her notice of termination. The debtor did not again attempt to cure the default during the notice period because she believed the landlord would not accept the rent.

cedural safeguards do not affect the landlord's rights to terminate its contractual relationship with the tenant. This Court agrees with the result reached in *Gant* and finds no basis for concluding that a tenant is denied due process of law when a lessor terminates a lease by a notice of default.

In this case (as in *Gant*) a governmental entity, the CHA, is the landlord. But even to the extent that fact requires a different due process analysis (see *Robinson,* 54 F.3d at 323–24), there does not appear to be a due process problem here. The notice served on the Debtor advises her that she is entitled to reply and request a hearing in accordance with established grievance procedures. The Debtor does not argue that her due process rights were violated, and this Court concludes that termination of her lease by the notice given in this case did not violate those rights.

This Court also concludes that in Illinois a lease is terminated by the required notice, if the tenant does not pay the rent due within the allowed time. If any further action is required to terminate the lease (and this Court does not believe there is), the filing of a complaint under the Forcible Act is surely sufficient. Like Judge Squires in *Gant,* this Court believes that the courts in both *Robinson* and *Brown* confused the leaseholds with bare possession, erroneously concluding that one is co-extensive with the other. They are not in Illinois.[5]

▮▮▮ The starting point of the analysis is of course Illinois law and § 9–209 of the Forcible Act. That section provides that if the tenant does not cure the default within the time provided in the notice to quit then "the landlord may consider the lease ended, and sue for the possession ... **without further notice or demand.**" The language

of the statute is unambiguous and refutes the suggestion in *Robinson* that the landlord has only the right to take some further action. The landlord is entitled to treat the lease as terminated without taking any further action. Even if the statute could be read to require some further action objectively manifesting the landlord's decision to terminate the lease, the filing of a suit for possession would have to satisfy that requirement.

▮▮▮ The difficulty in construing the statute is that Illinois courts have not had to determine the exact point when the lease is terminated; this is an issue that only seems to arise in bankruptcy. Several Illinois cases involving landlord and tenant disputes have, however, implicitly found that the lease was terminated upon expiration of the notice period. See *Stride v. 120 West Madison Bldg. Corp.,* 132 Ill.App.3d 601, 87 Ill.Dec. 790, 477 N.E.2d 1318 (1st Dist.1985) (action by tenant to prevent termination of a lease; court found that notice by seller, former landlord, was effective to terminate lease where notice was given before closing took place); *Steffen v. Paulus,* 125 Ill.App.3d 356, 80 Ill.Dec. 675, 465 N.E.2d 1021 (4th Dist.1984) (landlord filed declaratory judgment action to have lease declared terminated by notice of cancellation; court held that although date of termination stated in notice may have been too short, the notice terminated the lease at the earliest possible date after that stated in the notice). Moreover, a tenant no longer has a right to keep the lease by paying money after the notice period has expired. Instead, the landlord can reject any offers to cure and consider the lease to be terminated. *See Elizondo v. Medina,* 100 Ill.App.3d 718, 56 Ill.Dec. 301, 427 N.E.2d 381 (1st Dist.1981); *Elizondo v. Perez,* 42 Ill.App.3d 313, 1 Ill. Dec. 112, 356 N.E.2d 112 (1st Dist.1976).

---

**5.** For example, the Seventh Circuit made a critical error when analyzing when and how a lease is terminated under Illinois law. The court stated: "The general rule throughout the states is that the lease ends when the tenant is no longer entitled to possession." *Id.* at 321. This statement would be unexceptionable if it referred to the right to possession under the lease. But the court was clearly referring to even the bare right to possession of a holdover tenant that exists

before actual eviction, as if the tenant's rights under the lease were co-extensive with physical possession. The court reached this incorrect conclusion in reliance upon two bankruptcy cases applying Florida and Tennessee law. While this court expresses no opinion on the accuracy of the court's statement regarding Tennessee and Florida law, Illinois does not follow this "general rule."

█ The conclusion that the lease is terminated upon expiration of the notice period is also compelled by other sections of the Forcible Act. The Act itself provides that the action may be maintained "[b]y the **person entitled to the possession** of lands or tenements ... [w]hen any **lessee ... holds possession without right after termination of the lease** or tenancy by its own limitation, condition or terms, or **by notice to quit** or otherwise." 735 ILCS 5/9–102(a)(4) (emphasis added). That is, an action for possession requires that the landlord be presently entitled to possession and that the tenant have no present right to possession because her lease has been already terminated. It is nonsensical to suggest that a lease is not terminated until after judgment in the very action that cannot even properly be maintained in the first place until after the lease is terminated.

Furthermore, secondary authority on Illinois law agrees that the lease is terminated upon expiration of the notice period. *See* 16 *Illinois Jurisprudence*, Property § 24:8 (1994) ("Under the common law, a notice to quit is essential to terminate a periodic tenancy, and where proper notice is given, the tenancy terminates at the end of the period.") This conclusion is also consistent with the purpose of the Forcible Act, which is to determine the right of possession and prevent a landlord from recovering possession through self-help. Nichols, 7 *Illinois Civil Practice* § 7285 (1989).

█ Finally, the foregoing analysis answers the holding in *Brown* that until a judgment is entered in the forcible entry and detainer action, the debtor has "legal recourse to revive the lease." *Brown* at 4, quoting *Robinson*, 54 F3d at 321. The Forcible Act prohibits self-help evictions and requires the landlord to maintain a judicial proceeding. But the sole purpose of that proceeding is to determine present rights to possession of the property. *Newport Condominium Assn. v. Talman Home Federal S & L Assn.*, 188 Ill.App.3d 1054, 1058, 136 Ill. Dec. 612, 545 N.E.2d 136, 138 (1st Dist.1989) ("It is well established that an action for forcible entry and detainer is purely possessory and the immediate right to possession is all that is involved.") If the court in the forcible action finds that the tenant is in rightful possession, the lease is not "revived" or reinstated. Rather, such a judgment, finding that the tenant was in rightful possession, would be entered only when the lease was not properly terminated in the first place. In other words, nothing in Illinois law gives a tenant the right to "revive" a lease, but Illinois law does give the tenant a forum in which to prove that her lease never expired.

**CONCLUSION**

For these reasons, this Court holds that the Debtor's lease terminated upon expiration of the notice period. At the latest, that termination occurred when the landlord manifested its intent to treat the lease as terminated by filing the forcible entry and detainer complaint. In either event, the lease was terminated before the Debtor filed her bankruptcy petition. The Debtor therefore has no interest that can be assumed under § 365 and the CHA will be granted relief from the automatic stay to proceed with its forcible action in state court.[6]

6. The Debtor alternatively asks the Court to consider the hardship that will be imposed upon her because she will lose her subsidized housing unit and has asked the Court to use its equitable powers to allow her to assume the lease. The equitable powers granted to a bankruptcy court under § 105 may not, however, be used to "override explicit mandates of other sections of the Bankruptcy Code." *Collier on Bankruptcy*, ¶ 105.01 (15th ed., 1995). Section 365 requires the existence of an "unexpired lease." This Court cannot use its equitable powers to create such a lease.