**Shirley Ann BENNETT,**
**Debtor–Appellant,**

**v.**

**SAINT STEPHEN TERRACE**
**APARTMENTS, Appellee.**

**No. 96 C 8125.**

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 6, 1997.

**266**

Lawrence Davis Wood, Legal Assistance Foundation of Chicago, Chicago, IL, for appellant.

Richard W. Christoff, Sanford Kahn, Ltd, Chicago, IL, for appellee.

## REVISED MEMORANDUM OPINION AND ORDER [1]

GETTLEMAN, District Judge.

Appellant Shirley Ann Bennett has filed a notice of appeal from a final order issued by the bankruptcy court granting relief to appellee St. Stephen Terrace Apartments from the automatic stay, pursuant to 11 U.S.C. § 362. There is no stay pending appeal. For the reasons set forth below, the bankruptcy court's decision is reversed and the case is remanded to the bankruptcy court for determination consistent with this opinion.

### BACKGROUND

For the past eight years, appellant has been a resident in a townhouse located at 319 South Western Avenue, Chicago, Illinois ("the Premises"). Her written lease with appellee was automatically renewed at the beginning of every month unless terminated for cause. Appellant's tenancy was subsidized by the United States Department of Housing and Urban Development ("HUD") through its Section 8 Loan Management Set-Aside Program. Through that program, appellant paid a portion of the market rent to appellee and the balance was paid to appellee by HUD.

Appellant's portion of the rent payment for May 1996 was due on May 1, 1996, in the amount of $335. On May 6, 1996, after appellant did not pay the rent due, appellee served appellant with a written demand for payment within five days. Appellant did not comply with this demand. On May 20, 1996, appellee filed a forcible entry and detainer action in the Circuit Court of Cook County against appellant, demanding possession of the Premises and $335 in rent. It is unclear from the parties' briefs whether appellant continues to live at the Premises during this appeal.

On August 18, 1996—prior to the entry of a judgment in the forcible entry and detainer action—appellant filed a petition for Chapter 13 bankruptcy relief under 11 U.S.C. § 1321. Pursuant to 11 U.S.C. § 362, the automatic stay provisions of the Bankruptcy Code bar a landlord's commencement or continuation of state eviction proceedings against a tenant that was or could have been filed pre-petition. Subsequently, on September 5, 1996, appellee filed a motion for relief from the automatic stay, which was barring the continuation of the eviction action. On October 28, 1996, Bankruptcy Judge Ronald Barliant issued a written order granting appellee relief from the automatic stay, and consolidated the instant action with a similar case before him, *In re Williams*, 201 B.R. 948 (1996) (*"Williams I"*).

In *Williams I*, Judge Barliant held that the debtor's lease terminated upon expiration of the notice period or, at the latest, it terminated when the landlord filed the forcible entry and detainer complaint. *Id.* at 953. In either situation, the court held that she had no interest in the lease that could be assumed under § 365 of the Bankruptcy Code. Further, Judge Barliant stated that the court's equitable powers under § 105 of the Bankruptcy Code may not be used to override explicit mandates of other sections of the Code, such as § 365, which requires a lease to be unexpired for a trustee to assume it. *Id.* at fn. 6.

Appellant asks this court to reverse Judge Barliant's decision, as Judge Conlon recently did on appeal of *Williams I* (*Williams v. Chicago Housing Authority*, 207 B.R. 874 (N.D.Ill.1997) (*"Williams II"*)). Appellant argues that her lease does not terminate until a judgment of possession in the forcible action is entered and claims that her trustee

---

1. As a result of the parties' motions to reconsider, this opinion supercedes the Memorandum Opinion and Order entered herein on July 9, 1997.

has the option of assuming the lease pursuant to 11 U.S.C. § 1322(b)(7). That provision provides that the debtor's plan may "provide for the assumption ... of any executory contract or unexpired lease of the debtor." This court agrees that the lease had not expired prior to the Chapter 13 bankruptcy filing, and appellant's trustee may therefore assume it. Accordingly, the bankruptcy court's ruling giving appellee relief from the automatic stay is reversed and appellant's trustee may assume the lease.

## STANDARD OF REVIEW

This appeal is from a final order of the bankruptcy court granting relief from the automatic stay. This court has jurisdiction pursuant to 28 U.S.C. § 158(a). The bankruptcy court's findings of fact should not be set aside unless clearly erroneous. Fed. R.Civ.P. 52(a); Fed. R. Bankr.P. 8013. The court's conclusions of law, however, are reviewed *de novo*. *Matter of U.N.R. Industries, Inc.*, 986 F.2d 207 (7th Cir.1993). Since there were no factual disputes before the court in this case, the standard of review is *de novo*.

## DISCUSSION

 Appellant argues that her lease may be assumed by the bankruptcy trustee under 11 U.S.C. § 365(a), which states that "the trustee ... may assume or reject any executory contract or unexpired lease of the debtor." When a debtor files for bankruptcy, her possible interest in such an unexpired lease is protected by the automatic stay under 11 U.S.C. § 362. *Robinson v. Chicago Housing Authority*, 54 F.3d 316 (7th Cir. 1995). This stay prevents a landlord from initiating or pursuing claims against the debtor that were or could have been filed pre-petition, including state eviction proceedings. *Id.* at 317. A landlord may file for relief from the stay, however, if the debtor

did not have a valid interest in the leasehold prior to filing. *Id.* Thus, if a tenant's lease is not terminated prior to the day on which she files her bankruptcy petition, the landlord may not pursue eviction proceedings and the lease can be assumed by the bankruptcy trustee.

The critical question before the court, therefore, is whether appellant's lease terminated prior to the filing of her petition in bankruptcy. The Illinois Forcible Entry and Detainer statute, 735 ILCS 5/9–208, provides:

> *Demand for rent—Action for possession.* A landlord or his or her agent may, any time after rent is due, demand payment thereof and notify the tenant, in writing, that unless payment is made within a time mentioned in such notice, not less than 5 days after service thereof, the lease will be terminated. If the tenant does not within the time mentioned in such notice, pay the rent due, the landlord may consider the lease ended, and sue for the possession under the statute in relation to forcible entry and detainer, or maintain ejectment without further notice or demand. A claim for rent may be joined in the complaint, and a judgment obtained for the amount of rent found due ... in an action of forcible entry and detainer for the possession of the leased premises, under this section.

Illinois courts (and bankruptcy courts) have split in determining when a lease terminates. A slight majority of the courts have held that a lease terminates when a tenant fails to pay her rent and is given a written five-day notice, during which time the tenant fails to pay or, at the latest, when a landlord files a forcible suit.[2] On the other hand, some courts have held that a lease terminates only when a judgment is entered in a forcible proceeding under 735 ILCS 5/9–208.[3]

 This court adopts the view that a lease terminates when a judgment is entered

---

2. *See, e.g., In re Williams*, 201 B.R. 948 (1996) ("*Williams I*"); *Cunningham v. Lifelink Corp.*, 159 B.R. 230 (N.D.Ill.1993); *In re Maxwell*, 40 B.R. 231 (N.D.Ill.1984); *Rosenberg v. Holmes*, 237 Ill.App. 226 (1st Dist.1926); *Jefferys v. Hart*, 197 Ill.App. 514 (1st Dist.1916); *Drew v. Mosbarger*, 104 Ill.App. 635 (3rd Dist.1902).

3. *See, e.g., Robinson v. Chicago Housing Authority*, 54 F.3d 316 (1995); *Williams v. Chicago Housing Authority*, 207 B.R. 874 (N.D.Ill.1997) ("*Williams II*"); *In re Brown*, 1995 WL 904913 (Bankr.N.D.Ill.1995); *Elliott v. LRSL Enterprises, Inc.*, 226 Ill.App.3d 724, 168 Ill.Dec. 674, 589 N.E.2d 1074 (2nd Dist.1992).

in the forcible proceeding, a decision that comports with Judge Conlon's recent reversal on appeal of *Williams I*. To accept the view that termination of a lease occurs after the five days' notice or, at the latest, when a landlord files a forcible suit, would fail to comport with basic notions of due process. *See Robinson*, 54 F.3d at 322 (where the Seventh Circuit expressed strong reservations about the validity of a rule that would terminate a lessee's rights by a mere initiation of a legal process). Although *Robinson* is factually distinguishable from the instant case, the Seventh Circuit proscribed a two-step test which this court must administer to determine if the tenant is entitled to possession: (1) whether the landlord has not yet taken all the essential procedural steps; and (2) whether the debtor still retains legal recourse to revive the lease. *Robinson* at 321. If either prong of this test is satisfied, the tenant is entitled to possession. In *Brown*, 1995 WL 904913 at *3, the bankruptcy court for this district, citing *Robinson*, stated:

> [T]his Court still is bound to apply the standard set forth by the Seventh Circuit in interpreting when a tenant's interest terminates: if all the essential procedural steps have not been taken, or the Debtor still retains legal recourse to revive the lease, the Debtor retains an interest in the leasehold.

(*citing Robinson*, 54 F.3d 316). The *Brown* court also held that a tenant must be given the opportunity to be heard if she challenges the termination of her lease. To not allow her such an opportunity would violate due process. *Id.* Thus, the "legal recourse to revive the lease" mandated by the Seventh Circuit continues until judgment in the forcible proceeding is entered.

■ This court follows the analysis of *Robinson, Williams II*, and *Brown*, regarding termination of a lease. A tenant has legal recourse to revive a lease until the issue of possession is resolved. Illinois law provides the forcible proceeding forum to resolve any dispute about whether a tenancy has terminated. *Id.* Simply because a tenancy is considered terminated by a landlord does not mean that the lease cannot legally be revived, if a tenant can show that the termination was wrongful or was an abridgment of her rights. Therefore, because a

lease can legally be revived as the result of a forcible proceeding, it can be a part of a debtor's bankruptcy estate. As Judge Ginsberg held in *Brown*, the debtor continues to have an "interest" in the lease until there is an adverse ruling by the forcible court. Thus, for bankruptcy purposes, a lease is unexpired until the forcible proceeding is ended. As a result, a landlord cannot obtain relief from the automatic stay while the forcible proceeding is pending. As indicated in *Brown*, at *4:

> The fact is that the Landlord's suit for possession was set for a [state forcible proceeding] trial, at which time the Debtor could have presented these defenses [to termination of the lease], and if they had been successful, she would have retained the right to stay in the premises.

Accordingly, the court concludes that the lease was unexpired at the time the bankruptcy petition was filed. The judgment of the bankruptcy court is, therefore, reversed.

### CONCLUSION

For the foregoing reasons, the bankruptcy court's decision to grant appellee's motion for relief from the stay is reversed and the case is remanded to the bankruptcy court for proceedings consistent with this opinion.