165 F.3d 31
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In re: Shirley A. BENNETT, Debtor-Appellee,
APPEAL OF: ST. STEPHEN'S TERRACE APARTMENTS.
 No. 97-3311.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 30, 1998.
Decided Sept. 22, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 96 C 8125. Robert W. Gettleman, Judge.
 Before Hon. KENNETH F. RIPPLE, Hon. DANIEL A. MANION, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 For eight years, Shirley Ann Bennett lived in an apartment leased from St. Stephen Terrace Apartments ("St.Stephen"). In May 1996, Ms. Bennett failed to pay her rent, and on May 6, St. Stephen served her with a termination notice demanding payment within five days. Because Ms. Bennett did not comply, St. Stephen filed an eviction action in the Circuit Court of Cook County on May 20, 1996. See 735 ILCS 5/9-101 et seq. (West 1998). Three days later, Ms. Bennett lost her job, and on August 18, 1996, she filed a petition for relief under Chapter 13 of the United States Bankruptcy Code. The state court eviction action was automatically stayed by the filing of the bankruptcy petition. See 11 U.S.C. § 362(a).
 
 
 2
 On September 5, 1997, St. Stephen filed a motion in the bankruptcy court for relief from the automatic stay, which was granted on October 28, 1996. The bankruptcy court, which had consolidated Ms. Bennett's case with a similar case then pending, In re Williams, 201 B.R. 948 (1996), concluded that the debtors' leases had terminated upon expiration of the respective termination notice periods or, at the latest, when the landlords filed forcible entry and detainer complaints. The court further concluded that the debtors thereafter held no interests in their leases that could be assumed by the bankruptcy trustees as executory contracts or unexpired leases. See 11 U.S.C. §§ 365(a), 1322(b)(7).
 
 
 3
 Ms. Williams and Ms. Bennett appealed the decision of the bankruptcy court to the district court, and the district court judges reversed the decision of the bankruptcy court. The landlords appealed to this court, and the cases were docketed as In re Williams, No. 97-2082, and In re Bennett, No. 97-3311. Counsel for St. Stephen filed a motion to consolidate the appeals, but we denied the motion and instead directed Ms. Bennett and St. Stephen to file statements of position within twenty-one days of the issuance of the merits decision in In re Williams. On May 20, 1998, we reversed the district court's decision in Ms. Williams' case, holding that the bankruptcy court had not abused its discretion by modifying the automatic stay. See In re Williams, 144 F.3d 544 (7th Cir.1998). The parties in In re Bennett thereafter filed their statements of position; the matter is now ripe for adjudication.
 
 
 4
 On appeal, both St. Stephen and Ms. Bennett urge this court to determine whether Ms. Bennett's lease terminated prior to the filing of her petition in bankruptcy or, similarly, to identify the point at which a tenant's lease ends under Illinois law. Ms. Bennett contends that prior to entry of judgment in an eviction action, a tenant may be able to revive her lease by asserting a viable defense such as waiver, retaliation, violations of the implied warranty of habitability, immateriality of breach, or equity. She concludes that because such defenses provide her a means to revive her lease, her lease remains unexpired and thus assumable by the bankruptcy trustee under her reorganization plan.
 
 
 5
 As this court explained in Williams, what we are reviewing on appeal is the bankruptcy court's modification of the automatic stay. 144 F.3d at 546-47; see also 11 U.S.C. § 362(d); In re Mendoza, 111 F.3d 1264, 1271 (5th Cir.1997). The central question in this appeal is therefore not whether the debtor's lease was terminated prior to the filing of her bankruptcy petition, but whether the open question of whether her lease ended "is 'cause' for the bankruptcy court to modify the automatic stay under 11 U.S.C. § 362(d) to permit the state court to answer that question." Williams, 144 F.3d at 546-48. As Ms. Bennett recognizes, whether a tenant can revive her lease depends on whether she has a "viable" defense to her eviction. See id. at 548-50; Robinson v. CHA, 54 F.3d 316, 321 (7th Cir.1995). By modifying the automatic stay in Ms. Bennett's case, the bankruptcy court permitted the state court, which admittedly has greater expertise in this narrow area of Illinois law, to quickly and accurately determine the viability of any defenses Ms. Bennett intended to advance. We thus conclude here, as we concluded in Williams, that the bankruptcy court did not abuse its discretion by modifying the automatic stay. In so doing, the bankruptcy court permitted the state court to determine the viability of Ms. Bennett's defenses and thus the value of her lease, if any, assumable under her reorganization plan. Id. at 549-50.
 
 
 6
 Accordingly, IT IS ORDERED that the district court's memorandum and order in Bennett v. St. Stephen Terrace Apartments, No. 96 C 8125, the decision underlying this appeal, is REVERSED with instructions to reinstate the bankruptcy court's holding in this matter.